## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GEORGE D. LaBLANCHE, III,      §
      Plaintiff,              §
                            §
v.                              §      CIVIL ACTION NO. H-05-2129
                            §
JOHN E. POTTER,          §
      Defendant.          §

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment [Doc. # 17] filed by Defendant John E. Potter, Postmaster General. Plaintiff George D. LaBlanche III filed a response entitled "Plaintiff's Response and Motion for (Retaliation/Wrongful Termination) Summary Judgment Regarding Genuine Issues of Material Fact for Jury Trial Due to Fraud, Perjury, & Altering A Government Document" ("Plaintiff's Response") [Doc. # 25], and a First Amendment to his Response ("Amended Response") [Doc. # 28]. The Court has reviewed the full record in this case. Based on this review, and the application of governing legal authorities, the Court concludes that genuine issues of material fact exist which preclude the entry of summary judgment on the retaliatory discharge claim.[1]

---

[1]     Defendant is, however, entitled to summary judgment on Plaintiff's request for punitive damages. *See* 42 U.S.C. § 1981a(b)(1).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by the United States Postal Service as a casual, non-career city carrier.  Plaintiff was appointed to a 90-day period of casual employment beginning November 15, 2003, and to a succeeding 90-day period thereafter.  As a casual, non-career employee, Plaintiff's employment with the Postal Service was limited to two ninety-day periods in any calendar year, with an additional twenty-one days for Christmas.  *See* Amended Response, Exh. O.

Plaintiff, *pro se*, filed this lawsuit challenging as retaliatory the termination of his employment on March 9, 2004.[2]  Defendant has moved for summary judgment, and the motion is now ripe for decision.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of demonstrating that there is no evidence to support the

---

[2]      The record reflects that Plaintiff's "last day in pay status" was March 8, 2004, but the official letter advising him of his termination is dated March 18, 2004.  *See* Government Exhibits One-K and One-L.

nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Authority*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Id.* The court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

## B.   Retaliatory Discharge Claim

Claims of retaliatory discharge are analyzed under the *McDonnell Douglas*[3] burden-shifting framework. *Hockman v. Westward Commc'ns, LLC,* 407 F.3d 317, 330 (5th Cir. 2004). The plaintiff first must show (1) that he engaged in activity protected by Title VII; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse employment action.[4] *Brazoria County v. Equal Employment Opportunity Comm'n*, 391 F.3d 685,

---

[3]   *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973).

[4]   Defendant argues that Plaintiff has not established a *prima facie* case of discrimination because he has not presented evidence of similarly-situated employees who were treated more favorably. This contention is unavailing. First, the "discrimination" identified by Plaintiff in his complaint is the retaliation on which his retaliatory discharge claim is based. Second, Plaintiff has presented evidence that Carolyn Rhodes, a similarly-situated casual Postal employee, was treated more favorably. Specifically, Ms. Rhodes also failed to deliver extra mail by 5:00 p.m. on March 8, 2004. Yet while Plaintiff was discharged on March 9, 2004, Ms. Rhodes was advised – in an undated letter which Plaintiff believes was sent when Ms. Rhodes's 90-day employment period expired – that her service was no longer needed. The Postal Service also stated in the undated letter that Ms. Rhodes's work performance had "been satisfactory during the period in which [she] was employed." *See* Amended Response,

692 (5th Cir. 2004).  If the plaintiff satisfies this burden, the burden then shifts to the employer to state a legitimate non-retaliatory reason for the adverse employment action. *Septimus v. Univ. of Houston,* 399 F.3d 601, 607 (5th Cir. 2005).  If the employer meets its burden, the employee then can prevail only by establishing that the employer's proffered reason is a pretext for retaliation.  *Id.*

In this case, it is undisputed that Plaintiff engaged in protected activity and that he suffered an adverse employment action.  Plaintiff has presented evidence that his most recent protected activity, filing an EEO complaint, occurred on February 5, 2004, approximately one month before he was discharged on March 9, 2004.  Plaintiff has also presented evidence that his manager was aware of the prior EEO activity.  *See* Sworn Statement of Sandy Duplechaine, Amended Response, Exh. D. David Pomykal, another supervisor, stated only that he had not been involved with Plaintiff's prior EEO activity, not that he was unaware of that activity.  *See* Sworn Statement of David Pomykal, Amended Response, Exh. M.  This combination of temporal proximity between the protected activity and the adverse employment action, together with evidence that his managers were aware of the prior EEO activity, satisfies the causal connection element of Plaintiff's *prima facie* case of retaliation. *See Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001); *see also Handzlik v. United States*, 93 Fed. Appx.

Exh. G.

15, 19 (5th Cir. Feb. 13, 2004) (two month lapse between protected activity and adverse action is sufficient to establish the required causal connection).

Plaintiff has presented evidence which raises a genuine issue of material fact in support of his *prima facie* case of retaliatory discharge.  Turning to the next step of the *McDonnell Douglas* procedure, Defendant has stated, with supporting affidavits, that Plaintiff's employment was terminated because he was late delivering the mail on March 8, 2004.  This satisfies Defendant's burden, and Plaintiff can avoid summary judgment only by presenting evidence that Defendant's proffered explanation is a pretext for retaliation.  Plaintiff may do this by presenting evidence which raises a genuine issue of material fact regarding the falsity of Defendant's proffered reason. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000); *Bonner v. St. Martin Parish Sch. Bd.*, 93 F3d. Appx. 612 (5th Cir. Mar. 10, 2004) ("a genuine fact issue may be raised and summary judgment may therefore be defeated by the plaintiff's *prima facie* case combined with sufficient evidence to indicate that the employer's asserted justification is false"); *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (holding that a plaintiff may establish pretext by showing that the employer's proffered explanation is false or unworthy of credence).

Plaintiff has presented evidence which challenges the accuracy and veracity of Defendant's explanation.  Specifically, Defendant's witnesses present statements which

are inconsistent with each other and with other evidence in the record.  Artis Hughes states that Plaintiff was out delivering mail until 9:00 p.m.  *See* Sworn Statement of Artis Hughes, Amended Response, Exh. L. ("Hughes Statement").  Pomykal, however, states that Plaintiff returned around 8:00 p.m.  *See* Sworn Statement of David Pomykal, Amended  Response,  Exh.  M.  ("Pomykal  Statement").  Pomykal's  statement  is supported by the Auxiliary Control document which reflects that Plaintiff completed his final delivery and returned to the station on March 8, 2004, at approximately 8:00 p.m.  *See* Carrier - Auxiliary Control, Amended Response, Exh. K, p. 3.

Hughes states that the Postal Service has an official policy regarding night-time or after hours delivery of mail.  Hughes states the policy is that such deliveries are not to occur.  *See* Hughes Statement.  Sandy Duplechaine, however, states that, although there was not an official policy, a carrier may be sent back out in an emergency to deliver mail originally assigned to another carrier.  *See* Sworn Statement of Sandy Duplechaine, Amended Response, Exh. D.  Pomykal agrees with Ms. Duplechaine that deliveries after 6:00 p.m. are not normal procedure, but are sometimes "unavoidable." *See* Pomykal Statement.

Pomykal states that Plaintiff was assigned an additional hour to deliver mail originally assigned to a carrier who became ill and was unable to complete the delivery. *See* Pomykal Statement.  Plaintiff has presented evidence, however, that he completed

his regular delivery route on March 8, 2004, at approximately 5:00 p.m.  *See* Carrier -

Auxiliary Control, Amended Response, Exh. K, p. 1.  He was then assigned two

additional routes, not only the one mentioned by Pomykal.  *Id.* at 2-3.[5]

Because Plaintiff has presented evidence which establishes a *prima facie* case

of retaliatory discharge, and because his evidence raises a genuine issue of material fact

regarding the veracity of Defendant's proffered explanation, Defendant is not entitled

to summary judgment on Plaintiff's retaliation claim.

## III.    CONCLUSION AND ORDER

Plaintiff has presented evidence which raises a genuine issue of material fact in

support of his retaliatory discharge claim.  Plaintiff is not, as a matter of law, however,

entitled to recover punitive damages from a government defendant such as the Postal

Service.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 17] is

**GRANTED** as to the punitive damages claim and **DENIED** in all other respects.  To

the extent Plaintiff's responses are intended as cross-motions for summary judgment

on the retaliatory discharge claim [Docs. # 25 and # 28], they are likewise denied.  It

is further

---

[5]     Defendant has neither filed a Reply nor requested an extension of time to do so.  As a result, the Court has only Plaintiff's explanation of the Carrier-Auxiliary Control documents.

**ORDERED** that Plaintiff and counsel for Defendant, including an agency representative with settlement-recommendation authority, shall appear before the Court on **August 4, 2006, at 3:30 p.m.** for a pretrial conference.

SIGNED at Houston, Texas, this **7th** day of **July, 2006**.

Nancy F. Atlas
United States District Judge