IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE D. LaBLANCHE, III, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2129 |
| | § | |
| JOHN E. POTTER, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on Defendant's Motion to Reconsider Denial of Summary Judgment [Doc. # 31].  A motion for reconsideration under Rule 59(e)[1] "calls into question the correctness of a judgment."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976 (2004).  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.*  Instead, a Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id*.  Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention.  *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d

---

[1] Defendant does not identify the basis for his Motion to Reconsider, but the Court will construe it as one pursuant to Rule 59(e) because it was filed within ten business days after entry of the order denying summary judgment.  *See* FED. R. CIV. P. 59(e); *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).

563, 567-68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

In his Motion to Reconsider, Defendant merely reargues his Motion for Summary Judgment, presenting arguments that could easily have been made in a reply brief had Defendant elected to file one. For example, Defendant argues that Plaintiff's employment was terminated not because he was late delivering mail on March 8, 2004, but because he had a history of late deliveries. Therefore, Defendant now argues, Plaintiff's termination was "adequately explained and more than justified." *See* Motion to Reconsider, p. 2. Defendant also now asserts his position that Ms. Sandy Duplechaine, the station manager at the post office where Plaintiff worked, was not Plaintiff's supervisor and did not make the decision to terminate Plaintiff's employment. *See id.* at 3.

As was discussed in the Memorandum and Order denying summary judgment, however, Defendant presented conflicting evidence and Plaintiff presented evidence which raises a genuine issue of material fact in connection with his retaliation claim. Defendant largely rehashes prior arguments. To the extent evidence is discussed, it is evidence that could and should have been discussed in a reply brief. Further, the evidence discussed by Defendant highlights the existence of genuine and material fat issues that require trial. Rule 59(e) relief is inappropriate. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Reconsider Denial of Summary Judgment [Doc. # 31] is **DENIED**.  The case remains scheduled for a pretrial conference on August 4, 2006.

SIGNED at Houston, Texas, this **27th** day of **July, 2006**.

Nancy F. Atlas
United States District Judge